Wilson, J.
(concurring in the result). I believe the CPLR 8602 (a) language defining “action” as “any civil action or proceeding brought to seek judicial review of an action of the state” is facially ambiguous (although slightly suggestive of review of administrative decision-making). However, I agree with the dissent’s conclusion that the legislative history, coupled with the explicit exclusion of actions in the Court of Claims, supports the proposition that the Equal Access to *402 Justice Act (CPLR art 86) was intended to address CPLR article 78 proceedings and other actions seeking injunctive or other equitable relief rather than monetary damages. Nevertheless, because of the peculiar facts of this case and the admissions made by the State at oral argument, I agree in the result reached by the plurality for the following reasons.
Ms. Kimmel filed her lawsuit in 1995 after suffering widespread gender discrimination and sexual harassment within the New York State Police, where she had been employed as a State Trooper for 14 years. She sought not merely damages for herself, but also declaratory and injunctive relief to benefit all women on the force who suffered such discrimination. As chronicled in numerous decisions of the lower courts, and reiterated in the plurality and dissent, the State Police shirked its disclosure obligations and endlessly stonewalled Ms. Kimmel. After 12 years of the State’s obstructionist and delaying tactics, and as a sanction for the gross misconduct of the State in this litigation, Supreme Court struck the State’s answers and entered judgment in Ms. Kimmel’s favor on the claims for money damages. At that point, she had still been utterly frustrated in her efforts to obtain discovery from the State to which she was entitled and which was relevant to all her claims, whether for damages or injunctive relief. Prior to that point, Ms. Kimmel’s lawsuit could fairly be characterized as one seeking both money damages for herself and injunctive relief for herself and others; subsequent to it, the proceedings have largely been to pursue an award of attorney’s fees, less the cost of the trial on damages after the court struck the State’s answers.
At oral argument, counsel for the State repeatedly responded that a plaintiff in a Supreme Court proceeding not under article 78 but in a lawsuit brought under the Human Rights Law against a State agency and “looking for injunctive relief ... is seeking judicial review” and “article 86 would apply in such a situation,” even if that situation included a plea for both injunc-tive relief and money damages. Thus, the State has conceded, if only for the purposes of this case, the Equal Access to Justice Act entitles Ms. Kimmel to recover attorneys’ fees for any portion of her lawsuit related to her claim for injunctive relief, including her efforts to reform the discriminatory practices of the State Police to the benefit of other women.
That concession operates in two ways. First, it is an admission by the State that, at least in this case, a civil Human *403 Rights Law action filed in Supreme Court can meet the statutory definition of “judicial review of an action of the state.” Because the record before the Court in this case would be the same regardless of the nature of the prayer for relief, the State’s concession is wholly incompatible with its contention that “judicial review” is limited to article 78 suits challenging administrative decision-making and can never apply to a suit under the Human Rights Law.
Second, counsel for the State’s concession means that Ms. Kimmel, who sued a State agency under the Human Rights Law for both money damages for herself and injunctive relief benefitting herself and others, is entitled to recover some amount of attorney’s fees. Although the State advocated apportioning the fees between those allocable to her claim for money damages and those allocable to her claims for injunctive and declaratory relief, those portions of the suit are, in this case, indistinguishable as a result of the State’s egregious discovery abuses and the attendant unusual procedural history. Thus, the result of the plurality’s opinion is the same result I would reach, albeit for a different reason.
Therefore, I would affirm.